# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| JUNIOR JERMAINE JOHNSON, ) <br> Movant, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> Respondent. ) | No. 2:12-cv-02712-JPM-dkv <br> Cr. No. 2:07-cr-20173-JPM |

**ORDER DENYING MOTION UNDER 28 U.S.C. § 2255;**
**ORDER DENYING CERTIFICATE OF APPEALABILITY;**
**AND**
**ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH**

On August 17, 2012, Defendant Junior Jermaine Johnson, Bureau of Prisons registration number 21682-076, an inmate at USP Atwater in Atwater, California, filed a Motion pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion").

For the reasons stated below, the § 2255 Motion is DENIED, and a certificate of appealability is DENIED. The Court also finds that an appeal would not be taken in good faith. Leave to appeal in forma pauperis is DENIED.

## I. BACKGROUND

On June 13, 2007, a federal grand jury indicted Johnson in a one-count Indictment charging him with possession with intent to distribute less than five hundred (500) grams of cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count One). (United States v. Johnson, No. 2:07-cr-20173-JPM (W.D. Tenn.), ECF Nos. 1-3.)

On January 23, 2008, Johnson pleaded guilty to the Indictment pursuant to a written plea agreement. (Id., ECF Nos. 36, 38.) On May 1, 2008, Johnson was sentenced to a term of incarceration of 210 months, 5 years of supervised release, and to pay a special assessment of $100.00. (Id., ECF Nos. 44, 45, 46.) Judgment was entered on May 2, 2008. (Id., ECF Nos. 45, 46.)

On February 12, 2009, the Government filed a Motion to Reduce Sentence. (Id., ECF No. 49.) The Court held a hearing to resentence Johnson on June 26, 2009. (Id., ECF No. 62.) The Court resentenced Johnson to 110 months of incarceration and 5 years of supervised release. (Id.) An Amended Judgment was entered on June 26, 2009. (Id., ECF Nos. 63, 64.)

Johnson filed his § 2712 Motion on August 17, 2012. (ECF No. 1.) On August 17, Johnson filed a Motion to Supplement Pleadings. (ECF No. 2.) On November 1, 2012, the Court denied the Motion to Supplement Pleadings and directed the United States to respond. (ECF No. 3.) On December 10, 2012, Johnson filed a Motion for Default Judgment. (ECF No. 4.) The Court denied the Motion for Default Judgment on December 12, 2012, and once again directed the United States to respond. (ECF No. 5.) The United States filed its response on February 14, 2013. (ECF No. 7.)

## II. **ANALYSIS**

"The Antiterrorism and Effective Death Penalty Act amended 28 U.S.C. § 2255 by adding a time-limit provision for Section 2255 motions. As amended, Section 2255 precludes a prisoner from filing Section 2255 motions more than one year after the conviction becomes final." Hyatt v. United States, 207 F.3d 831, 832 (6th Cir. 2000). Movant's § 2255 Motion was filed well after the one-year deadline. He argues, however, that the Court should equitably toll the deadline in this case. (See ECF No. 1-1.) Johnson argues that equitable tolling is appropriate because he diligently pursued his rights as soon as he had access, on July 8, 2011, to a prison law library with resources relevant to federal law. (See id. at PageID 16-18.)

When determining whether equitable tolling is appropriate, the Sixth Circuit applies a five-factor balancing test, which weighs:

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

Moore v. United States, 438 F. App'x 445, 449 (6th Cir. 2011) (quoting Solomon v. United States, 467 F.3d 928, 933 (6th Cir. 2006)). "Where, as here, the petitioner does not claim ignorance of the filing requirement, the court must focus its

3

inquiry on the petitioner's diligence and 'the reasonableness of his ignorance of the effect of his delay.'" Id. (quoting King v. Bell, 378 F.3d 550, 553 (6th Cir. 2004)).  Although Johnson avers that he diligently pursued his rights once he had access to adequate legal research tools, he filed his § 2255 Motion more than a year after the date he states that he gained access to those resources.

Johnson's judgment became final in May 2008.  Even under the facts as Johnson describes them, he is not entitled to equitable tolling.  Accordingly, the § 2255 Motion is DENIED as time-barred.

**III. CONCLUSION**

The motion, together with the files and record in this case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).  Defendant's conviction and sentence are valid and, therefore, his § 2255 Motion (ECF No. 1) is DENIED. Judgment shall be entered for the United States.

Pursuant to 28 U.S.C. § 2253(c)(1), the district court is required to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); see also Fed. R. App. P. 22(b).  No § 2255 movant may appeal without this certificate.

A COA may issue only if the movant has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. § 2253(c)(2), (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citation omitted) (internal quotation marks omitted). A COA does not require a showing that the appeal will succeed. Miller-El, 537 U.S. at 337. Courts should not issue a COA as a matter of course. Bradley v. Birkett, 156 F. App'x 771, 773 (6th Cir. 2005).

In this case, for the reasons previously stated, Defendant's claims are time-barred and, therefore, he cannot present a question of some substance about which reasonable jurists could differ. The Court, therefore, DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal in forma pauperis in a § 2255 case, and thereby avoid the appellate

filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a).  Kincade, 117 F.3d at 952.  Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1).  However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must file his motion to proceed in forma pauperis in the appellate court.  See Fed. R. App. P. 24(a)(4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith.  It is, therefore, CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal in forma pauperis is DENIED.  If Defendant files a notice of appeal, he must also pay the full $505 appellate filing fee (see 28 U.S.C. §§ 1913, 1917) or file a motion to proceed in forma pauperis and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty (30) days (see Fed. R. App. P. 24(a) (4)-(5)).

**IT IS SO ORDERED,** this 13th day of July, 2015.

/s/ Jon P. McCalla  
JON P. McCALLA  
UNITED STATES DISTRICT JUDGE